# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-10-406-M |
| | ) |
| CITY OF OKLAHOMA CITY, | ) |
| STATE OF OKLAHOMA, | ) |
| OKLAHOMA COUNTY, | ) |
| VETERANS ADMINISTRATION | ) |
| HOSPITAL, VETERANS | ) |
| ADMINISTRATION, ST. PAUL, | ) |
| MINNESOTA and UNITED STATES | ) |
| POSTAL SERVICE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are defendants State of Oklahoma, City of Oklahoma City, and Oklahoma County's motions to dismiss. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has filed his response. Based upon the parties' submissions, the Court makes its determination.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move this Court to dismiss plaintiff's claims for failure to state a claim for relief. The United States Supreme Court has recently held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 1949 (internal quotations and citations omitted). Finally, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of *pro se* complaints; however, the Court is not required to imagine or assume facts in order to permit a complaint to survive. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Plaintiff's Complaint states in its entirety:

> 1. I declare that I am unable to pay fees and that I am entitled to relief sought in the complaint/petition/motion. And the prayer for such relief still stands.
> 2. The defendants have taken money from check causing undue hardship.
> 3. The defendants have broke ribs and scarred up plaintiff causing undue pain, suffering, embarrassment, humiliation.
> 4. The defendants repeated arrest and roughing up have caused plaintiff undue paranoids . . . . . even after 04-1540.
> 5. The plaintiff has numerous physical/mental ailments because of listed defendants and their agents' actions.
> 6. These defendants can't dock V.A. check in anticipation of being stomped on and tasored.
> 7. These defendants/agents can't stomp on plaintiff so he will get a settlement.

Complaint [docket no. 1].

Having carefully reviewed the Complaint, the Court finds plaintiff has failed to state a claim for relief. Specifically, the Court finds plaintiff has not set forth sufficient allegations, accepted as true, to properly plead an action that is plausible on its face and provides fair notice to defendants.

Additionally, with regard to plaintiff's claims against the remaining defendants, the Court has reviewed the allegations of the Complaint pursuant to the directives of 28 U.S.C. § 1915. Of particular relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Because the Court has found that plaintiff's Complaint fails to state a claim on which relief may be granted, the Court finds that plaintiff's claims against the remaining defendants should be dismissed.

Accordingly, for the reasons set forth above, the Court GRANTS defendant State of Oklahoma's Motion to Dismiss [docket no. 17], GRANTS defendant Oklahoma County's Motion to Dismiss [docket no. 21], GRANTS defendant City of Oklahoma City's Motion to Dismiss [docket no. 19] and DISMISSES the instant action.

**IT IS SO ORDERED this 17th day of June, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE